## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    **Plaintiff(s)**

           **v.**                      **CRIMINAL NO.** 07-155 (FAB)

ALEXANDER CARIÑO-TORRES [1],

    **Defendant(s)**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On April 11, 2007, a Grand Jury sitting in this district issued a two-count indictment charging defendant Alexander Cariño-Torres ("Cariño") with conspiracy to distribute a substance with detectable amounts of cocaine within one thousand feet of a public housing facility and with possession of a substance containing detectable amounts of cocaine with intent to distribute within one thousand feet of a public housing facility (Docket No. 2). On October 5, 2007, the United States filed a Notice Of Intent To Use Expert Witness At Trial (Docket No. 118), in which it named two expert witnesses that it expected to call to testify at trial. Later the same day Cariño filed a Motion Objecting To Expert Testimony And Requesting Pre-Trial <u>Daubert</u> Hearing (Docket No. 123), in which Cariño noted that the United States had not provided the defense with <u>curricula</u> <u>vitae</u> for the proposed expert witnesses. On October 9, 2007, the United States filed a Motion in Compliance with Order (Docket No. 125), in which it noted that it had provided the

defense with the <u>curricula vitae</u> of the experts expected to testify at trial.   The United States has not opposed Cariño's Motion Objecting to Expert Testimony and Requesting Pre-Trial Daubert Hearing.  For the reasons discussed below, the Court **denies** Cariño's motion objecting to proposed expert witness Eddie Vidal and also **denies** Cariño's motion for a pre-trial Daubert hearing.

**DISCUSSION**

A.   Cariño's Motion Objecting to Proposed Testimony From Expert Witness Eddie Vidal

Cariño has challenged the proposed testimony of Agent Eddie Vidal of the Drug Enforcement Administration as irrelevant and, in the alternative, as substantially more prejudicial than probative. Cariño has not explained why the proposed testimony of Agent Vidal is irrelevant, nor has he explained why the proposed testimony of Agent Vidal is likely to be substantially more prejudicial than probative.

In the federal system, relevant evidence is generally admissible outside of certain exceptions.  Fed. R. Evid. 402. "Relevant evidence," is broadly defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Cariño has been charged with conspiracy to possess cocaine with intent to distribute within one thousand feet of a public housing

facility and with possession of cocaine with intent to distribute within one thousand feet of a public housing facility.  21 USC § 841(a)(1), (b)(1)(A)(iii); 21 USC § 846; 21 USC § 860; 18 USC § 2. The United States asserts that Agent Vidal will testify regarding the street value of drugs, the methods and techniques used to traffic narcotics, and the <u>modus</u> <u>operandi</u> of drug traffickers. (U.S. Notice Of Intent To Use Expert Witness at 2.)  The purpose of Agent Vidal's testimony is to assist the jury in understanding the drug and non-drug evidence that would likely be unfamiliar to a lay person.  <u>Id</u>.  Agent Vidal's proposed testimony relates to the significance of the physical evidence (the drugs), and the significance of the type of behavior that the defendant is accused of having engaged in (drug trafficking).  Agent Vidal's proposed testimony is clearly relevant under Rule 401's inclusive standard for relevance.  <u>See</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 687 (1988) ("Rules 401 and 402 establish the broad principle that relevant evidence-evidence that makes the existence of any fact at issue more or less probable-is admissible unless the Rules provide otherwise."); <u>United States v. Mora</u>, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'") (quoting <u>United States v. Casares-Cardenas</u>, 14 F.3d 1283, 1287 (8th Cir. 1994), <u>cert. denied</u>, 513 U.S. 849 (1994)).

Like Rule 401, "Rule 403 is a liberal rule under which relevant evidence generally is admitted." Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 516 (1st Cir. 1996) (quoting United States v. McMahon, 938 F.2d 1501, 1508 (1st Cir. 1991)); see also Dente v. Riddell, Inc., 664 F.2d 1, 5 (1st Cir. 1981) ("It has been said with respect to Rule 403, 'the general rule is that the balance should be struck in favor of admission.'") (quoting United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980). Without seeing the specific evidence that is to be offered against the defendant, or hearing the actual testimony of Agent Vidal, there is not a sufficient basis upon which the Court could conclude that his testimony should be excluded under Rule 403. Accordingly, Cariño's Motion Objecting to Expert Testimony is denied. Nonetheless, if during the course of trial Agent Vidal's testimony veers into the realm of becoming unfairly prejudicial, confusing, misleading, or unduly cumulative, then the Court will entertain a new Rule 403 motion at that time.

B.   Cariño's motion for a pre-trial Daubert Hearing

Cariño requested a pre-trial Daubert hearing. Again, Cariño did not explain why a pre-trial Daubert hearing should be granted under the circumstances of this case.

A district court has great latitude in deciding "whether or when special briefing or other proceedings are needed to investigate reliability" of a proposed expert witness. Kumho Tire Co. v. Carmichael, 526, U.S. 137, 152 (1999). "Otherwise, the trial judge

Criminal No. 07-155 (FAB)                                              5

would lack the discretionary authority needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." Id. Notably, although the Daubert determination is a 'preliminary' one; it need not be made prior to trial. See United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002) (quoting United States v. Alatorre, 222 F.3d 1098, 1102 (9th Cir. 2000)); see also United States v. Nichols, 169 F.3d 1255, 1262-64 (10th Cir. 1999).

The United States' proposed expert witnesses--a drug enforcement administration forensic chemist and a drug enforcement administration task force agent--are among the types of proposed expert witnesses that are typically called upon by the government to provide expert testimony in a trial involving a charge of conspiracy to distribute drugs. Thus, in order to avoid unnecessary delay, Cariño's request for a pre-trial Daubert hearing is denied. The Court shall attend to any questions regarding the relevance and reliability of the proffered testimony from the United States' proposed expert witnesses during their testimony. The defense will of course, be afforded the opportunity to voir dire both expert witnesses at trial.

### Conclusion

For the foregoing reasons, the Court **DENIES** Cariño's motion objecting to Eddie Vidal's proposed testimony and **DENIES** Cariño's motion for a pre-trial <u>Daubert</u> Hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this October 15, 2007.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge